### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**RONALD L. WOOTEN,**

    **Petitioner,**

    **v.**                      **CASE NO. 2:07-cv-00081**
                                **JUDGE MARBLEY**
                                **MAGISTRATE JUDGE KING**

**TIMOTHY BRUNSMAN,**

    **Respondent.**

### REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on its own motion to consider the sufficiency of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. §2244(d).

Petitioner seeks to challenge his May 10, 1997 conviction upon his guilty plea in the Franklin County Court of Common Pleas for attempted felonious sexual penetration. On May 16, 1997, petitioner was sentenced to seven to fifteen years incarceration. Petitioner never filed an appeal; however,

> [o]n May 26, 1998, appellant, proceeding *pro se,* filed a "motion to suspend further execution of sentence for aggravated felony" pursuant to R.C. 2947.061. Attached to his motion was a copy of the "criminal sentencing sheet" with the "Shock after one year by agreement" language highlighted. The trial court set the matter for hearing, and the state filed a memorandum contra to appellant's motion. On June 17, 1998, the state filed a "motion to correct the criminal sentencing sheet," requesting that the criminal sentencing sheet be corrected to reflect that the defendant agreed not to request shock probation prior to the passing of one year of incarceration.

*State v. Wooten,* 1999 WL 333321 (Ohio App. 10 Dist. May 18, 1999). On July 30, 1998, the trial court denied petitioner's motion for shock probation. *See id.* On May 18, 1999, the appellate court affirmed the judgment of the trial court. *Id.* On September 22, 1999, the Ohio Supreme Court dismissed petitioner's subsequent appeal. *State v. Wooten*, 86 Ohio St.3d 1489 (1999). Petitioner indicates that he filed a state habeas corpus petition which also was denied by the Ohio Court of Appeals and by the Ohio Supreme Court; however, he has not attached a copy of his state habeas corpus petition, and he does not indicate the date(s) that he filed such actions.

On February 2, 2007, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He executed the petition on January 22, 2007. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. The Court of Appeals erred when it dismissed petitioner's habeas corpus petition under Ohio Revised Code 2725.01(D) stating that petitioner did not attach a copy of the commitment papers in violation of petitioner's Fourth and Fourteenth Amendment rights to due process and equal protection of law.
>
> 2. The Ohio Supreme Court erred to the prejudice of petitioner when it dismissed his habeas corpus petition by not adhering to its own policy of dismissing all habeas corpus petitions that do not comply with Ohio Revised Code 2925.04(D)'s filing [sic] of commitment papers.
>
> 3. The Ohio Supreme Court erred to the prejudice of petitioner by *sua sponte* raising defenses for the respondent.

## STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions in federal courts. 28 U.S.C. §2244(d) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Assuming that the statute of limitations did not begin to run until December 21, 1999, (*i.e.,* ninety days after the Ohio Supreme Court's September 22, 1999, dismissal of petitioner's appeal of the denial of his motion for shock probation), when the time period expired to file a petition for a writ of *certiorari* with the United States Supreme Court, the statute of limitations expired one year

later, on December 21, 2000. *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2001). Petitioner waited until January 22, 2007 -- more than seven years -- to execute the instant petition. Further, he has failed to allege any extraordinary circumstances that would justify the equitable tolling of the statute of limitations for that time period. *See Jurado v. Burt,* 337 F.3d 638, 643 (6th Cir. 2003). Additionally, it appears from the allegations in the petition that petitioner's state habeas corpus petition was not "properly filed" so as to toll the running of the statute of limitations under 28 U.S.C. §2244(d)(2):

> [A]n application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. *See, e.g., Habteselassie v. Novak,* 209 F.3d 1208, 1210-1211 (C.A.10 2000); *Villegas v. Johnson,* 184 F.3d 467, 469-470 (C.A.5 1999); *Lovasz v. Vaughn,* 134 F.3d 146, 148 (C.A.3 1998).

*Artuz v. Bennett*, 531 U.S. 4, 8 (2000)(footnote omitted); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005)("[T]ime limits, no matter their form, are 'filing' conditions"). Petitioner states that his state habeas corpus petition was dismissed for failure to comply with the filing requirements of O.R.C. §2925.04(D). *See Petition*. The Ohio Supreme Court has held that a habeas corpus petition that fails to comply with O.R.C. 2925.04(D) is "fatally defective*." Bloss v. Rogers*, 65 Ohio St.3d 145 (1992). Even assuming that any state habeas corpus petition filed by petitioner tolled the running of the statute of limitations under 28 U.S.C. §2244(d)(2), the petition does not reflect that such filing(s) would have tolled the statute of limitations for the length of time necessary to make the instant habeas corpus petition timely, *i.e.*, more than seven years.

For all the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as untimely.

If any party objects to this *Report and Recommendation,* that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matt er to the magistrate judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and  Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981).


February 14, 2007                                                               *s/Norah McCann King*
                                                                                         Norah McCann King
                                                                                   United States Magistrate Judge